DOCKET NO. 499

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAR 15 1982

IN RE AIR CRASH DISASTER AT WASHINGTON, D.C. ON JANUARY 13, 1982

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROY W. HARPER,* CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FRED DAUGHERTY, AND SAM C. POINTER, JR.,* JUDGES OF THE PANEL



3/15/82

TRANSFER ORDER

PER CURIAM

    Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, to transfer the action listed on the attached Schedule A and pending in the Northern District of Texas to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with the action pending there. The motion is brought by Air Florida, Inc., the defendant in both actions.

    All responding parties agree on the desirability of or do not oppose transfer. The only dispute concerns the selection of the transferee district. Air Florida and certain responding plaintiffs favor centralization in the District of the District of Columbia; defendants in certain actions not on the motion urge centralization in the Eastern District of Virginia.[1]

    On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the District of the District of Columbia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share numerous factual questions concerning the cause or causes of an airplane crash in Washington, D.C. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

    The District of the District of Columbia is the most preferable transferee district. Washington, D.C. is the situs of the crash and federal investigations into the disaster have taken and will continue to take place there. Thus many key witnesses and relevant documents are likely to be found in the District of the District of Columbia.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Texas be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Joyce Hens Green for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

---

\*    Judges Roy W. Harper and Sam C. Pointer, Jr. took no part in the decision of this matter.

[1]    Since the motion for transfer was filed with the Panel, several related actions were commenced. These actions will be treated as potential tag-along actions in accordance with Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

SCHEDULE A

DOCKET NO. 499

<u>Katherine W. Erickson v. Air Florida, Inc.</u>, D. District of Columbia, C.A. No. 82-0144

<u>Carolyn Zondler, et al. v. Air Florida, Inc.</u>, N.D. Texas, C.A. No. CA3-82-0108D